UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| v. | § § | CRIMINAL NO. 3:18-CR-0482-B-5 |
| RICHARD LUVILL SMITH, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Richard Luvill Smith's Motion for Compassionate Release (Doc. 324). For the reasons set forth below, the Court **DENIES** Smith's Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Smith pleaded guilty to possession of a controlled substance with intent to distribute, the Court sentenced him to 160 months of imprisonment and 3 years of supervised release. Doc. 252, J., 1–3. Smith is serving his sentence at the Seagoville Federal Correctional Institution ("FCI Seagoville") and is scheduled to be released in January 2030.[1] As of February 1, 2022, FCI Seagoville reports 141 active and 931 recovered cases of COVID-19 among its inmates and reports that 1572 inmates have been fully vaccinated against the disease.[2]

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited January 26, 2022).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited February 1, 2022).

On January 21, 2022, Smith filed this Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 324, Def.'s Mot., 1. The Court reviews Smith's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Smith's request for compassionate release because he has not shown extraordinary and compelling reasons for his release.

A.   *Smith Is Not Entitled to Appointment of Counsel*

To begin, Smith is not entitled to appointment of counsel for his compassionate release efforts. Smith concludes his motion by asking the Court to appoint him counsel. Doc. 324, Def.'s Mot., 4. Even if the Court were to construe this brief request as a motion to appoint counsel, Smith has not shown that he is entitled to appointed counsel. *See United States v. Strother*, 2021 WL 2188136, at *2 (E.D. Tex. May 27, 2021) (finding that appointment of counsel was not appropriate in a compassionate release motion when the defendant "provide[d] no basis for the court to conclude that the appointment of counsel would benefit him or the court in addressing his motion"). A district

court must appoint counsel when the appointment is a statutory or constitutional requirement and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g., Strother*, 2021 WL 2188136, at *2; *United States v. Contreras*, 2021 WL 1536504, at *1 (E.D. Tex. Apr. 19, 2021) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing [the] claim") (quoting *United States v. Molina-Flores*, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018)). This Court, like others, has held that there is no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020), *aff'd*, 829 F. App'x 73 (5th Cir. 2020); *see, e.g., Contreras*, 2021 WL 1536504, at *2; *United States v. Wilfred*, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). And Smith's motion, which presents straightforward claims based on his medical conditions and the threat from COVID-19, is not legally or factually complex. *C.f. Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally") (quoting *United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020)). Therefore, the Court finds that Smith is not entitled to appointment of counsel.

B.  *Smith Has Demonstrated Proof of Exhaustion.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[3]

Smith filed the present motion on January 21, 2022. Doc. 324, Def.'s Mot. Attached to his motion is a letter, signed by the warden and dated December 6, 2021, stating that his request for compassionate release is denied. *Id.* at 7. This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of the defendant's facility." § 3582(c)(1)(A). Thus, Smith has demonstrated proof of exhaustion and the Court turns to the merits of his motion.

C.  *Smith Has Not Demonstrated Extraordinary and Compelling Reasons for His Release.*

Smith has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A)(i). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Before the First Step Act was passed, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex.

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[4] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). However, § 1B1.13 and its "commentary . . . inform[] [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

> Smith's claim is based on his medical condition.[5] *See* Doc. 324, Def.'s Mot., 4. In this context:
>
> Extraordinary and compelling reasons . . . include when the defendant is . . . "suffering from a serious physical or medical condition, . . . a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Fowler*, 2020 WL 7408239, at *3 (N.D. Tex. Nov. 17, 2020) (quoting § 1B1.13 cmt. n.1(A)).

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

[5] Smith also cites § 1B1.13 cmt. n.1(D)—the catch-all provision discussed *supra* n.4. Doc. 324, Def.'s Mot., 4. This Court considers the effects of the COVID-19 pandemic in light of a defendant's individual medical conditions and circumstances. *See, e.g.*, *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) ("[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements."). To the extent Smith raises general concerns about the ongoing COVID-19 pandemic those concerns do not give rise to extraordinary and compelling circumstances. The Court does not discount the pandemic's effects on the nation or the virus's spread within federal prisons; however, generalized concerns about the spread of COVID-19 are not considered extraordinary and compelling reasons warranting release. *Accord Thompson*, 984 F.3d at 434.

Considering Smith's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Smith has not shown "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Smith states that "he suffers from . . . a tum[o]r the size of a quarter in the front-right part of his brain as last measured on [January 21, 2021] by . . . Parkland Hospital in Dallas County." Doc. 324, Def.'s Mot., 3. He claims he has been "seeing a neuro-surgeon every three months" and "was designated for surgery but there was no bed space at the time." *Id*. He further claims that "[t]he BOP is not willing to provide the . . . medical care" he requires. *Id*. Smith also claims that he suffers from "[o]ther [u]nderlying [m]edical [c]ondition[s] . . . includ[ing] hypertension, diabetes, [and] obesity," which increase his risk of severe illness due to COVID-19, and that prison conditions like those at FCI Seagoville put him "at greater risk of illness and death" from infectious disease. *Id*. at 2.

However, Smith has not provided any documentation to the Court verifying his brain tumor and other medical conditions, indicated what kind of treatment he requires that the BOP cannot provide or refuses to provide, or explained why his other preexisting conditions are so serious in light of COVID-19 as to constitute "extraordinary and compelling" circumstances. *See Delgado*, 2020 WL 2542624, at *3 (denying motion for compassionate release where defendant "failed . . . to provide the Court any medical records"); *United States v. West*, 2021 WL 3793755, at *3 (N.D. Tex. Aug. 26, 2021) (same); *see also Thompson*, 984 F.3d at 434 (finding no error in a district court's decision that a defendant's well-managed and "commonplace" chronic health conditions were not extraordinary and compelling though they increased his risk of complications from COVID-19). Without "any medical records (particularly recent ones) to establish how [Smith's brain tumor and his other preexisting conditions impact his condition and function], which would . . . allow[] the Court to

assess his current ability to provide self-care," the Court finds that it cannot determine, based on the evidence in Smith's motion, that extraordinary and compelling circumstances justify Smith's release. *See Delgado*, 2020 WL 2542624, at *3; *West*, 2021 WL 3793755, at *3. Accordingly, the Court **DENIES** Smith's motion **WITHOUT PREJUDICE** to refiling.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Smith's Motion (Doc. 324) **WITHOUT PREJUDICE**. By denying Smith's Motion without prejudice, the Court permits Smith to file a subsequent motion for compassionate release in the event he can provide evidence supporting a finding of extraordinary and compelling reasons for release, including medical records. The Court also notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Smith has not demonstrated extraordinary and compelling reasons for his release, the Court does not at this time consider whether the § 3553 factors would support a finding that Smith should be granted compassionate release.

**SO ORDERED**.

**SIGNED: February 2, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE