UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-0482-B-5 |
| | § | |
| RICHARD LUVILL SMITH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Richard Luvill Smith's Motion for Compassionate Release (Doc. 333). For the reasons set forth below, the Court **DENIES** Smith's Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On February 27, 2020, after Smith pleaded guilty to possession of a controlled substance with intent to distribute, the Court sentenced him to 160 months of imprisonment and three years of supervised release. Doc. 252, J., 1–3. Smith is serving his sentence at the Seagoville Federal Correctional Institution ("FCI Seagoville") and is scheduled to be released in February 2030.[1] On January 21, 2022, Smith filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 324, Mot. Comp. Release, 1. The Court denied Smith's motion, because

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited August 24, 2023).

Smith had not provided any medical records to support an extraordinary and compelling reason for release. Doc. 325, Mem. Op. & Order, 6–7.

On April 18, 2023, Smith filed this Motion for Compassionate Release, incorporating his previous motion and attaching medical records relating to his Motion. *See* Doc. 333, Mot. Comp. Release. Smith argues that he suffers from a brain tumor and "[t]he BOP is not willing to provide the required medical care to save his life." Doc. 324, Mot. Comp. Release, 3. Smith also claims he suffers from other medical conditions such as "hypertension, diabetes, obesity," *id.*, and "Sickle Cell," Doc. 333, Mot. Comp. Release, 1. According to Smith, these conditions, along with being the sole caregiver for his mother, constitute extraordinary and compelling reasons for release. *Id*. The Court reviews Smith's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.   *Smith Has Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Here, the Court finds that Smith has satisfied the exhaustion requirement. In support of his Motion, Smith attaches an email sent to the warden of FCI Seagoville on January 28, 2023, requesting compassionate release. Doc. 333, Mot. Comp. Release, 2. The email shows that more than thirty days have lapsed between the warden's receipt of Smith's request and the filing of his Motion. Thus, Smith satisfied the exhaustion requirement under § 3582. *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) ("[A] prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court."). Having determined that Smith satisfied the exhaustion requirement, the Court turns to the merits of his Motion.

B.   *Smith Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Smith has not shown "extraordinary and compelling reasons" warranting compassionate release. Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93. While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that Section 1B1.13 is "not dispositive" but "guid[ing]").

Considering Smith's Motion in light of Section 1B1.13, the Court concludes that neither Smith's medical conditions nor his family circumstances constitute "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Smith has not specifically identified what, if any, symptoms he suffers from these conditions. And the Court will not grant Smith compassionate release based purely off his diagnoses. Such a decision would constitute a blanket pronouncement of "extraordinary and compelling" circumstances applicable to a wide swath of applicants. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (Boyle, J.) ("[T]he

Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic.").

Further, Smith's medical records do not suggest his brain tumor constitutes an extraordinary and compelling reason for release. A medical report dated February 7, 2023, from Dallas Neurological & Spine states "Smith appears neurologically intact . . . [and] [n]o surgical indications are seen at this time." Doc. 333, Mot. Comp. Release, 7. Thus, while Smith's concern that he "has not yet been taken again to examine the brain tumor" is understandable, *see id.* at 1, without additional evidence showing Smith's condition is severe, the Court cannot conclude the delay in scheduling an additional scan constitutes an extraordinary and compelling reason to grant compassionate release. *See United States v. Norman*, 2023 WL 3984833, at *4 (N.D. Tex. June 13, 2023) (Boyle, J.) (concluding BOP's delay in obtaining a follow-up appointment for the defendant was not unreasonable given there was no evidence her condition was serious).

As to Smith's family circumstances, the Court notes at the outset that the guidelines focus only on a defendant's minor children or spouse and not a defendant's parent. *See* U.S.S.G. § 1B1.13 cmt. n.1(C). Indeed, "courts in this circuit have repeatedly held that caring for a sick and/or aging parent or grandparent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)." *See United States v. Lynch*, 2022 WL 2671769, at *5 (E.D. Tex. July 11, 2022) (collecting cases). The unfortunate reality is that "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). And in the rare instances where courts have found an extraordinary and compelling circumstance based on a parent's condition, it was when the defendant was the only available caregiver for an incapacitated parent. *Lynch*, 2022 WL 2671769, at *5; *see also United States v.*

*Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (denying compassionate release where defendant's father was terminally ill but the defendant was not the only available caregiver).

Here, Smith has not attached any records demonstrating his mother requires caregiving. Nor has he explained why he is the sole available caregiver. Smith's Presentence Report indicates he has two living siblings, and his sister currently lives with his mother. Doc. 226-1, Presentence Report, 16–17. Therefore, even if the Court were to consider Smith's mother's medical needs, they do not constitute an extraordinary and compelling reason for release. *See United States v. Neal*, 2023 WL 5352910, at *3 (N.D. Tex. Aug. 18, 2023) (Boyle, J.) (concluding that without evidence the defendant's mother needed caregiving and the defendant was the only caregiver, the defendant could not show an extraordinary and compelling reason for release).

C.    *The 18 U.S.C. § 3553(a) Factors Do Not Support Release*

Finally, § 3582(c)(1)(A) also directs the Court to consider the sentencing factors enumerated in § 3553(a). The Court briefly notes that, in addition to a lack of an extraordinary and compelling reason for modification, § 3553(a) also weighs against granting Smith's request for early release. Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A).

Smith is not scheduled for release until February 2030. *See supra* note 1. He has therefore only served approximately twenty-five percent of his total sentence. Releasing Smith under these circumstances would not "promote respect for the law" or "reflect the seriousness of the offense." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences").

## IV.

## CONCLUSION

Smith's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Smith's Motion (Doc. 333) **WITHOUT PREJUDICE**.

By denying Smith's Motion without prejudice, the Court permits Smith to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Smith merely repeats or provides minor elaborations to arguments this Court has already rejected, such arguments will be summarily rejected.

**SO ORDERED.**

**SIGNED: August 31, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE